IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FRANK E. DORKO, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 12−cv−0857−MJR-SCW |
| ) | |
| **SALVADORE A. GODINEZ, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

Pursuant to 42 U.S.C. § 1983, Plaintiff Frank E. Dorko brought this action for deprivations of his constitutional rights that allegedly occurred at Lawrence Correctional Center. Plaintiff made allegations against several Defendants in his original complaint, filed on July 30, 2012. Prior to threshold review, Plaintiff filed an Amended Complaint on September 26, 2012. After threshold review, the remaining claims include Count I against Defendants Densmore, Hodge, Strubhart, and Storm for failure to provide Plaintiff with an adequately nutritional diet; Count II against Defendant Martin for deliberate indifference to medical needs, related to the deficient diet; Count III against Defendants Ochs, Schidler, Strubhart, and Hodge alleging unconstitutional conditions of confinement; Count VII[1] against Defendants Shidler, Tate, Brown, Kelsey, and Vaughn for retaliation; and Count VIII against Shidler, Tate, Brown, Kelsey, Vaughn, Sayer and Goins for deprivation of a liberty interest without due process in retaliation for the September 2012 disciplinary tickets.

---

[1] Counts IV through VI were severed into separate cases.

On February 26, 2013, Defendants Brown, Densmore, Goins, Hodge, Kelsey, Martin, Ochs, Sarles, Shildler, Storm, Strubhart, Tate and Vauhn filed a Motion for Summary Judgment based on exhaustion of remedies. **(Doc. 63).** Plaintiff had until March 11, 2013 to respond. **(Doc. 63)** *see* **SDIL-LR 7.1(c)(1), SDIL-LR 5.1(c),**. On March 6, 2013 at a status conference, Plaintiff orally requested an extension to file a response until March 15, 2013, which was granted. **(Doc. 65)**. No response opposing summary judgment was ever filed. The motion is therefore ripe for disposition. In this judicial district, failure to timely respond to a motion may be considered an admission of the motion's merits. **SDIL-LR 7.1(c);** *Whitfield v. Snyder*, **263 Fed.Appx. 518, 521 (7th Cir. 2008).** The Court considers Plaintiff's failure to respond to the motion—in any way—such an admission. Because there is an admission to the merits of Defendant's dispositive motion means, the undersigned **RECOMMENDS** the motion be **GRANTED**, and the case **DISMISSED without prejudice**.

Even if the Court were to overlook Plaintiff's failure to oppose Defendant's motion, it is clear from the record that summary judgment is warranted here, because Plaintiff did not exhaust his administrative remedies.

### LEGAL STANDARDS

1. **Summary Judgment Standard**

Summary judgment is proper only if the admissible evidence considered as a whole shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Dynegy Mktg. & Trade v. Multiut Corp.,* **648 F.3d 506, 517 (7th Cir. 2011) (citing Fed. R. Civ. P. 56(a)).** The party seeking summary judgment bears the initial burden of demonstrating—based on the pleadings, affidavits and/or information obtained via discovery—the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, **477 U.S. 317, 323 (1986).** In determining

whether a genuine issue of material fact exists, the Court must view the record in a light most favorable to the nonmoving party. **Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).**

A Motion for Summary Judgment filed pursuant to *Pavey* typically requires a hearing to determine any contested issues regarding exhaustion and a judge may make limited findings of fact at that time. **Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008).** The case may proceed on the merits only after any contested issue of exhaustion is resolved. **Pavey, 544 F.3d at 742.** In *Pavey*, the Seventh Circuit held that "debatable factual issues relating to the defense of failure to exhaust administrative remedies" are not required to be decided by a jury but are to be determined by the judge. **Pavey, 544 F.3d at 740-41.** A hearing will not be required where "there are no disputed facts regarding exhaustion, only a legal question." **Doss v. Gilkey, 649 F.Supp.2d 905, 912 (S.D.Ill. 2009).** Here, Plaintiff has not disputed any of Defendants' factual assertions, and therefore no hearing is required.

   2. **PLRA's Exhaustion Requirement**

The affirmative defense of failure to exhaust depends on whether a plaintiff has fulfilled the Prison Litigation Reform Act's (PLRA's) exhaustion requirement, which in turn depends on the prison grievance procedures set forth in Illinois law. **See Jones v. Bock, 549 U.S. 199, 218 (2007).**

The Prisoner Litigation Reform Act ("PLRA") provides that "no action shall be brought [under federal law] with respect to prison conditions … by a prisoner…until such administrative remedies as are available are exhausted. **42 U.S.C. § 1997e(a)**. Under the PLRA, exhaustion of administrative remedies is mandatory and unexhausted claims cannot be brought in court. **Jones v. Bock, 549 U.S. 199, 211 (2007).** The case may proceed on the merits only after any contested issue of exhaustion is resolved by the court. **Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008).**

The Seventh Circuit takes a strict compliance approach to exhaustion; requiring inmates follow all grievance rules established by the correctional authority. **Dole v. Chandler, 438 F.3d**

804, 809 (7th Cir. 2006). A prisoner must therefore "file complaints and appeals in the place, and at the time, the prison's rules require." **Pozo v. McCaughtry,** 268 F.3d 1022, 1025 (7th Cir. 2002). But the PLRA's plain language makes clear that an inmate is required to exhaust only those administrative remedies that are available to him. **42 U.S.C. § 1997e(a).** The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. **Lewis v. Washington,** 300 F.3d 829, 833 (7th Cir. 2002). However, if the prisoner fails to follow the proper procedure, the grievance will not be considered exhausted. **Pavey v. Conley,** 663 F.3d 899, 903 (7th Cir. 2011). The purpose of exhaustion is to give prison officials an opportunity to address the inmate's claims internally, prior to federal litigation. **Kaba v. Stepp,** 458 F.3d 678, 684 (7th Cir. 2006).

Additionally, exhaustion is a precondition to filing suit; a prisoner may not file suit in anticipation that his administrative remedies will soon become exhausted. **Ford v. Johnson,** 362 F.3d 395, 398 (7th Cir. 2004). Rather, a prisoner must wait bring a suit until he completes the exhaustion process. **Perez v. Wisconsin Dept. of Corrections,** 182 F.3d 532, 535 (7th Cir. 1999) **(citing 42 U.S.C. § 1997e(a))**. A Plaintiff filing an Amended Complaint likewise has to show that any new claims have been exhausted prior to the date of filing of the Amended Complaint; it is not necessary that the claims be exhausted prior to the filing of the original complaint. **Barnes v. Briley,** 420 F.3d 673, 677 (7th Cir. 2005).

3. **Exhaustion Requirement under Illinois Law**

The Illinois Department of Corrections' (IDOC's) process for exhausting administrative remedies is laid out in the Illinois Department of Corrections Grievance Procedures for Offenders. **20 Ill. Admin. Code § 504.810.** If unable to resolve dispute with the counselor, the prisoner may file a written grievance with the Grievance Officer within sixty (60) days of discovery of the dispute. **Id.** The grievance should include "factual details regarding each aspect of the offender's complaint,

including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint…[or] as much descriptive information about the individual as possible." **Id.** The grievance officer shall review the grievance and report findings and recommendations to the Chief Administrative Officer (CAO). **20 Ill. Adm. Code § 504.830(d)**. The prisoner will then have the opportunity to review the CAO's response. **Id.** If the prisoner is unsatisfied with the institution's resolution of the grievance, he may file an appeal to the Director through the Administrative Review Board ("ARB") within 30 days of the CAO's decision. **20 Ill. Adm. Code § 504.850**. Completion of this process exhausts a prisoner's administrative remedies.

## ANALYSIS

Plaintiff attached many of his administrative grievances to his initial complaint. **(Doc. 1).** He submitted no evidence of exhaustion, although the Court notes that Plaintiff would not have the burden of proof on that issue at the pleading stage of litigation. Plaintiff did not submit any exhibits to his Amended Complaint, although the docket reflects a pending Motion to attach the previously submitted exhibits to the amended complaint. **(Doc. 16; Doc. 36).** Additionally, Defendants submitted Plaintiff's entire grievance file in support of their Motion for Summary Judgment, including many grievances that do not appear relevant to this litigation. Plaintiff has alleged generally that Defendants engaged in due process violations and cruel and unusual punishment. Plaintiff did not plead that he exhausted his remedies; rather he alleged that he filed numerous grievances based on his claims, which were ignored.

As to Count I, Inadequate Diet, Plaintiff alleged that he filed over 25 grievances and sent several letters to prison and state officials. Plaintiff submitted multiple grievances on the issue of spoiled milk. **(See Doc. 1-2 pp. 3-6; 9-10; Doc. 63-1, p. 18-19).** The ARB addressed the spoiled milk issue in two decisions dated October 11, 2012 **(Doc. 63-7, p. 8; Doc. 63-7, p. 13).** Plaintiff also submitted multiple grievances about his food portions and substitutions. **(See Doc. 1-2 pp. 7-**

**8; 13-14; 17-18; 21-23 Doc. 63-1, pp.. 5, 14-16; Doc. 63-2, p. 7; Doc. 63-4 p. 16-19).** The ARB returned grievances related to dietary portions on October 9, 2012 for failure to submit Doc. 0047. **(Doc. 63-4 p.9).** The ARB decisions regarding the allegations in Count I were dated October 11, 2012, more than two weeks after Plaintiff filed his Amended Complaint on September 26, 2012. Plaintiff's claims in Count I were therefore not exhausted at the time he filed his Amended Complaint.

As to Count II, Plaintiff never alleges in his complaint that he submitted any grievances regarding Defendant Martin's deliberate indifference to medical issues caused by the insufficient diet. **(Doc. 16, p.24)**. In fact, Plaintiff's Amended Complaint alleges that he saw Mr. Martin on September 1, 2012, and that he did not initiate the visit. **(Doc. 16, p.24)**. Plaintiff's grievance file contains two grievances related to medical needs as a result of a deficient diet: one dated October 18, 2012 **(Doc. 63-1, p. 11-12)** and one dated September 25, 2012 **(Doc. 63-1 p. 13)**. There is no correspondence from the ARB as to either of those grievances. Neither grievance makes reference to the September 1st visit, nor do they mention Defendant Martin. His complaint was filed the very next day after the September 25, 2012 grievance. It is extremely unlikely that Plaintiff exhausted his grievance as to this issue because the timing does not give the prison any time to respond to Plaintiff's complaints. **See Ford v. Johnson, 362 F.2d 395, 398 (noting that the purpose of exhaustion requirements is to allow the parties a chance to focus on other strategies for resolution).** Plaintiff's other grievance regarding medical care dated October 18, 2012 need not be considered as it was filed after the Complaint. Therefore, the Court concludes that Plaintiff did not exhaust his remedies as to Count II because there does not appear to be a grievance on point, and the only other viable grievance in Plaintiff's file would not have been exhausted at the time Plaintiff filed his Amended Complaint.

As to Count III, there are several grievances in his file related to denial of soap, denial of a stool, and cell conditions. **(See Doc. 1-2 p. 29, Doc. 63-2, p. 8-9; Doc. 63-2 p.12; Doc. 63-6, p. 2).** Plaintiff's complaint does not allege exhaustion with regard to any of these grievances. The ARB responded to Plaintiff's claims regarding soap denial on October 11, 2012. **(Doc. 63-5 p.17).** The ARB also sent Plaintiff correspondence on October 9, 2012 regarding his claims about the condition of his cell, noting that Plaintiff had failed to file form 0047, failed to raise the issue with his correctional counselor, and that he had raised the issue outside of the 60 day limit because the conditions he complained of were present on February 29, 2012. **(Doc. 63-4, p. 25).** This response was again issued approximately two weeks after Plaintiff filed his Amended Complaint. Therefore, it is clear that the grievance process was not completed as to Count III prior to the filing of the Complaint.

In Count VII, Plaintiff alleges retaliation for filing grievances generally, but he does not claim that he ever filed any grievances related to retaliation. Additionally, the retaliation Plaintiff complains of appeared to have occurred in September 2012. **(Doc. 16, p. 26).** The allegedly false tickets were written mere weeks before the filing of the Amended Complaint. Plaintiff did not allege that he exhausted his remedies in his Complaint. Likewise, he did not attach any grievances in support of this allegation to his complaint. Although Defendants have the burden of proof on this issue, they have alleged that any grievances are still in progress, and Plaintiff has not provided any evidence in rebuttal. Therefore, the Court finds that Plaintiff did not exhaust his remedies as to Count VII.

As to Count VIII, Defendants submitted a copy of the letter ARB sent to Plaintiff regarding his September 2012 grievances related to due process violations in conjunction with two disciplinary reports. **(Doc. 63-6, p. 12).** This letter was also dated October 11, 2012. **(Doc. 63-6, p. 12).** The ARB found that the grievance should be denied. It is therefore clear that as to Count VIII, the

grievance procedure was not exhausted at the time the Complaint was filed on September 26, 2012 because the ARB had not issued a decision at that time.

## IV. Conclusion

Plaintiff's failure to respond to Defendant's dispositive motion acts as an admission to the merits of the motion. Even if the Court overlooked Plaintiff's lack of response, it is clear that he failed to exhaust administrative remedies before bringing the instant suit to federal court. Accordingly, the undersigned **RECOMMENDS** the Court **GRANT** Motion for Summary Judgment **(Doc. 63)**, and Plaintiff's **DISMISS** the case **without prejudice.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. ***See, e.g., Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004).** **Objections to this Report and Recommendation must be filed on or before May 20, 2013.**

**IT IS SO ORDERED**.

**DATED: May 1, 2013** /s/ *Stephen C. Williams*
**STEPHEN C. WILLIAMS**
United States Magistrate Judge