IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANK E. DORKO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MARK HODGE, STORM, DENSMORE, ) | |
| STRUBHART, NURSE KIMMEL, ) | Case No. 12–cv–0857–MJR–SCW |
| RUSSELL GOINS, DR. PHIL MARTIN, ) | |
| C/O TATE, C/O SHIDLER, C/O KELSY, ) | |
| LT. VAUGHN, LT. OCHS, LT. BROWN, ) | |
| and LARRY SARLES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**REAGAN, District Judge:**

This § 1983 civil rights case comes before the Court on a Report and Recommendation ("R&R") filed by Magistrate Judge Stephen C. Williams (Doc. 70), as well as a Motion for Summary Judgment filed by Defendant Kimmel (Doc. 81). For the reasons explained below, the Court ADOPTS Judge Williams' R&R in full, GRANTS Kimmel's summary judgment motion, and DISMISSES Plaintiff's case without prejudice.

### BACKGROUND

Plaintiff Frank E. Dorko, incarcerated at the time at Illinois' Lawrence Correctional Center, filed this lawsuit on July 30, 2012. He amended his complaint on September 26, 2012, and after threshold review the following claims remained:

> *Count I* — against Defendants Densmore, Hodge, Strubhart and Storm for failing to provide Plaintiff with a constitutionally adequate diet.
>
> *Count II* — against Defendant Martin and Kimmel for deliberate indifference to the serious medical needs that arose as a result of Plaintiff's diet.

1

> *Count III* — against Defendants Ochs, Shidler, Strubhart, and Hodge for unconstitutional conditions of confinement.
>
> *Count VII*[1] — against Defendants Shidler, Tate, Brown, Kelsey and Vaughn for retaliation.
>
> *Count VIII* — against Defendants Shidler, Tate, Brown, Kelsey, Vaughn, Sayer and Goins for deprivation of a liberty interest without due process in retaliation for disciplinary tactics.

All Defendants but Kimmel filed a Motion for Summary Judgment on February 6, 2013, arguing that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA").

Plaintiff's response was due on or before March 11, 2013. He was informed of the consequences of failing to respond: included with Defendants' motion was a notice informing Plaintiff that "Any factual assertion in the defendants' evidence will be accepted by the district judge as being true unless you submit your own affidavit or other documentary evidence contradicting the assertion." (Doc. 64). At a March 6, 2013 telephonic status conference[2] Plaintiff made an oral motion to extend his response deadline to March 15, 2013. (Doc. 65). Plaintiff, though given the extra time, never responded to Defendants' motion.

On May 1, 2013, Magistrate Judge Williams filed an R&R on the February motion for summary judgment (Doc. 70). Judge Williams recommended granting the motion, pursuant to Local Rule 7.1(c), on the basis of Plaintiff's failure to respond. After an analysis of the exhaustion issue, Judge Williams alternatively recommended granting the summary judgment motion on the basis that Plaintiff failed to exhaust his administrative remedies. On May 21, 2013 (in his first action in the case since the March 6 teleconference), Plaintiff filed an objection to the R&R. While Plaintiff's objection contained several mentions of grievances he claims to have exhausted, Plaintiff made no mention of his untimeliness in responding to the underlying motion.

---

[1] Counts IV through VI were severed into separate cases.
[2] By March 2013 Plaintiff had been freed from Department of Corrections' custody. It appears he was re-incarcerated in August 2013. (*See* Doc. 85, Plaintiff's Notice of Change of Address to Graham Correctional Center).

2

About two weeks later, on June 4, 2013, Defendant Kimmel filed her own summary judgment motion based on Plaintiff's purported failure to exhaust. Plaintiff, again notified that his failure to respond could lead to any factual assertions being accepted as true (Doc. 82), failed to respond to Kimmel's motion.

For the reasons explained below, the undersigned **ADOPTS (Doc. 70)** Judge Williams' R&R; **GRANTS (Doc. 63**) the Motion for Summary Judgment filed by Defendants Hodge, Storm, Densmore, Strubhart, Goins, Martin, Tate, Shidler, Kelsy, Vaughn, Ochs, Brown, and Sales; and **GRANTS (Doc. 81)** the Motion for Summary Judgment filed by Defendant Kimmel.

### LEGAL STANDARDS

1. **Standard of Review**

Where timely objections are filed, this Court must undertake a *de novo* review of a Report and Recommendation. **28 U.S.C. § 636(b)(1)(B)–(C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b).** *Accord Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). An objecting party must "specifically identify the portions of the proposed findings, recommendations, or reports to which objection is made and the basis for the objections." **SDIL-LR 73.1(b).** *See also Johnson v. Zema Sys. Corp.*, **170 F.3d 734, 742 (7th Cir. 1999) (suggesting that district courts, by local rule, may require more specificity from objecting parties than do the Federal Rules).** Failure to object to a magistrate judge's report constitutes a waiver of all factual and legal issues. *Banco Del Atlantico, S.A. v. Woods Indus.*, 519 F.3d 350, 354 (7th Cir. 2008); *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

The district court is not required to review the magistrate judge's findings or credibility determinations. *Goffman v. Gross*, **59 F.3d 668, 671 (7th Cir. 1995).** If the district court finds a problem, it may take additional evidence, call witnesses, or remand to the magistrate judge for further development. *Id.*; *Pinkston v. Madry*, **440 F.3d 879, 893–94 (7th Cir. 2006).** Any portion

of the recommendation drawing no objection need only be reviewed for clear error. *Johnson v. Zema Sys. Corp.*, **170 F.3d 734, 739 (7th Cir. 1999).**

2. **Summary Judgment and Local Rule 7.1(c)**

In this judicial district, failure to timely respond to a dispositive motion "may, in the Court's discretion, be considered an admission of the merits of the motion." **SDIL-LR 7.1(c).** The Seventh Circuit has consistently held that a nonmovant's failure to respond as mandated by local rules results in an admission. *Smith v. Lamz*, **321 F.3d 680, 683 (7th Cir. 2003).** *See also Chelios v. Heavener*, **520 F.3d 678, 687 (7th Cir. 2008) ("[L]ocal rules streamline litigation and save litigants, lawyers and courts time and money.").** The entry of summary judgment is not automatic: it may only be granted when the undisputed material facts warrant judgment as a matter of law. *Carroll v. Lynch*, **698 F.3d 561, 564 (7th Cir. 2012).** *Accord* **FED. R. CIV. P. 56(e)(2) ("If a party fails to . . . properly address another party's assertion of fact . . . the court may consider the fact undisputed for purposes of the motion.").**

3. **PLRA Exhaustion Requirement**

Lawsuits filed by prisoners are governed by 42 U.S.C. § 1997e, the Prison Litigation Reform Act ("PLRA"). The PLRA states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. **42 U.S.C. § 1997e(a).** Failure to satisfy the PLRA's exhaustion requirement is an affirmative defense. *Pavey v. Conley*, **544 F.3d 739, 740 (7th Cir. 2008).**

The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, **438 F.3d 804, 809 (7th Cir. 2006).** An inmate must take all the steps required by the prison's grievance system to properly exhaust his administrative remedies. *Ford v. Johnson*, **362 F.3d 395, 397 (7th Cir. 2004);** *Pozo v. McCaughtry*, **286 F.3d 1022, 1023–24 (7th Cir. 2002).**

4

The purpose of exhaustion is to give prison officials an opportunity to address the inmate's claims internally, prior to federal litigation. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). When officials have been afforded this opportunity, the prisoner has properly exhausted all available remedies. *Id.* But if prison administrators explicitly rely on a procedural shortcoming (like failing to follow the prison's exhaustion deadlines) in rejecting a prisoner's grievance, that procedural shortcoming amounts to a failure to exhaust. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011). An inmate's perception that exhaustion would be futile does not excuse him from the exhaustion requirement. *Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005).

The contours of the exhaustion requirement are set by each state's prison grievance system, so Illinois law guides the procedures relevant to the instant motion. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). Inmates in the Illinois Department of Corrections must follow the regulations contained in the Illinois Department of Corrections' Grievance Procedures for Offenders ("grievance procedures"). **20 Ill. Admin. Code § 504.800** *et seq.* The procedures require inmates to speak with their Counselor, then (if the Counselor does not resolve the issue) to file a grievance form (directed to the Grievance Officer) within 60 days of the incident. **20 Ill. Admin. Code § 504.810(a).** The grievance form must:

> contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. The provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

**20 Ill. Admin. Code § 504.810(b).** The Grievance Officer must report his findings to the Chief Administrative Officer, who shall advise the offender (where reasonably feasible) within two months. **20 Ill. Admin. Code § 504.830(d).** The inmate has thirty days to appeal (in writing) to the Director of the Administrative Review Board ("ARB"), **20 Ill. Admin. Code § 504.850(a),** and the ARB submits a written report of its findings and recommendations, **20 Ill. Admin. Code**

**§ 504.850(e).** A copy of the Director's final decision (which, where reasonably feasible, should be made within six months of receipt of the appeal) is sent to the offender. **20 Ill. Admin. Code § 504.850(f)**.

A prisoner may not file suit in anticipation that his administrative remedies will soon be exhausted. *Ford*, **362 F.3d at 398.**

### R&R ON FEBRUARY MOTION FOR SUMMARY JUDGMENT

In his R&R, Magistrate Judge Williams recommends granting Defendants' exhaustion-based summary judgment motion for two alternative reasons: (1) Plaintiff's failure to file a response acted as an admission of the merits of the motion, and regardless, (2) Plaintiff failed to exhaust his administrative remedies. Given the dearth of argument (and evidence) available to the magistrate judge in crafting the R&R, the undersigned concludes the utilization of Local Rule 7.1(c) and the exhaustion analysis were proper, and adopts Judge Williams' R&R.

Whether Plaintiff's failure to respond acts as an admission as to the entirety of Defendants' motion, or just to the facts asserted by Defendants, makes no matter. On examining the record, the magistrate judge found that, while Plaintiff attached many administrative grievances to his original complaint,[3] neither those grievances nor any other documentation showed evidence of exhaustion. Plaintiff was required not just to start the grievance process before filing suit—he had to fully exhaust the process. In his objection to the R&R, Plaintiff (for the first time, and without providing any documentation) claims his grievances went unanswered by various IDOC officials and the ARB. But he ceded that factual position by not responding to Defendants' summary judgment motion in the first instance. Plaintiff had notice that failure to respond may act as an admission (*see* Doc. 64), and Judge Williams was well within his discretion to consider the facts, as presented by Defendants,

---

[3] It is worth noting, perhaps, that Plaintiff's original complaint no longer has any effect in the case. When Plaintiff filed his First Amended Complaint (which did not contain any exhibits) he rendered the original void. *See Flannery v. Recording Indus. Ass'n of Am.*, **354 F.3d 632, 638 n.1 (7th Cir. 2004).**

undisputed for the purposes of the summary judgment motion. *See* **FED. R. CIV. P. 56(e); SDIL-LR 7.1(c).** *See also Stevo v. Frasor*, 662 F.3d 880, 886–87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings"); *Goodwill Indus. Of Se. Wis., Inc.*, 423 F. App'x 642, 643 (7th Cir. 2011) ("Though courts are solicitous of *pro se* litigants, they may nonetheless require strict compliance with local rules.").

And those facts, supported by over 130 pages of Plaintiff's grievances and other exhibits, establish Plaintiff did not exhaust his administrative remedies before filing suit. According to an affidavit filed by an IDOC record-keeper, at the time Plaintiff filed his First Amended Complaint, the grievances he had filed relating to the allegations in this lawsuit were either (a) still awaiting final ARB review (running afoul of *Pozo*, 286 F.3d at 1023–24), (b) procedurally defective (*see Maddox*, 655 F.3d at 772), or (c) exhausted *after* he filed his original complaint (*see Ford*, 362 F.3d at 397). (Doc. 63-1, 2–3). In other words, Plaintiff had not fully exhausted by the time the instant suit was filed.

The undisputed facts, as analyzed by Judge Williams, clearly warrant judgment as a matter of law here. The undersigned **ADOPTS** the magistrate judge's Report and Recommendation (**Doc. 70**) and **GRANTS** the Motion for Summary Judgment filed by Defendants Hodge, Storm, Densmore, Strubhart, Goins, Martin, Tate, Shidler, Kelsy, Vaughn, Ochs, Brown, and Sales.

### JUNE MOTION FOR SUMMARY JUDGMENT

Plaintiff, though his response was due over a month ago, has yet to respond to Defendant Kimmel's summary judgment motion. As discussed above, pursuant to local rule and Federal Rule of Civil Procedure 56(e), the undersigned considers Plaintiff's failure to respond to Defendant Kimmel's June summary judgment motion as an admission to the facts presented therein. **SDIL-**

**LR 7.1(c).**[4] In other words, Kimmel's factual assertions are undisputed for the purposes of her summary judgment motion.

Those factual assertions lead the undersigned to conclude that Plaintiff failed to exhaust his administrative remedies before he sued Kimmel. Plaintiff's First Amended Complaint was received by this Court when Plaintiff sought leave to file it—on September 24, 2012. (Doc. 13). His only claim against Defendant Kimmel is an allegation she acted with deliberate indifference to his serious medical needs resulting from (what he claims was) an inadequate diet. (Doc. 20, 3). According to the facts as presented in Kimmel's summary judgment motion—facts this Court considers undisputed—Plaintiff filed many administrative grievances *after* he sued Kimmel. None of those grievances, of course, suffice to exhaust Plaintiff's administrative remedies. **See *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) ("exhaustion must precede litigation.").**

Kimmel divides Plaintiff's remaining grievances into two types: those that were not ruled upon by the ARB until October 11, 2012 (likewise wanting under *Ford*, where a prisoner was held not to have exhausted when he sued only two days before the ARB's final decision), and those that were returned to Plaintiff for procedural deficiencies, **see *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require."); *Woodford v. Ngo*, 548 U.S. 81, 95 (2006) ("The prison grievance system will not have [a fair opportunity to consider the grievance] unless the grievant complies with the system's critical procedural rules.").** For those reasons alone Plaintiff's remaining grievances are insufficient to exhaust his administrative remedies. Even more importantly, none of the remaining grievances involve Plaintiff's allegations against Kimmel, and as such fail to alert prison officials to a perceived problem. ***Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). *See also Jones v. Bock*, 549 U.S. 199, 219 (2007) (providing**

---

[4] Plaintiff's response to Kimmel's June 4 motion was due July 8, 2013. **See SDIL-LR 7.1(c)(1); SDIL-LR 5.1(c).** To date, no response has been filed.

early notice to those who might later be sued is not one of the leading purposes of the PLRA's exhaustion requirement).

Defendant Kimmel's Motion for Summary Judgment (**Doc. 81**) is therefore **GRANTED**.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS (Doc. 70)** Judge Williams' Report and Recommendation in its entirety and **GRANTS** the Motion for Summary Judgment (**Doc. 63**) filed by Defendants Hodge, Storm, Densmore, Strubhart, Goins, Martin, Tate, Shidler, Kelsy, Vaughn, Ochs, Brown, and Sales. Pursuant to Local Rule 7.1(c), Federal Rule of Civil Procedure 56, and binding caselaw, the Court also **GRANTS** (**Doc. 81**) the Motion for Summary Judgment filed by Defendant Kimmel.

There being no claims remaining, this case is **DISMISSED without prejudice**. *See Burrell v. Powers*, 431 F.3d 282, 284 (7th Cir. 2005) ("Dismissal for failure to exhaust is without prejudice..."). The Clerk is **DIRECTED** to close this case.

IT IS SO ORDERED.
DATE: 8/20/2013

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
United States District Judge